**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID DEWEESE,

     Plaintiff,

                                         Case No. 17-14081

v.

                                         Hon. Marianne O. Battani

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Before the Court are objections (Dkt. 16) filed by Plaintiff David Deweese to an October 9, 2018 Report and Recommendation ("R & R") issued by Magistrate Judge David R. Grand (Dkt. 15).  In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 11), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 14), and affirm the challenged decision of the Defendant Commissioner.  For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the procedural history and background facts of this case regarding Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.  Nor do they object to the Magistrate Judge's summary of the administrative proceedings and findings of the Administrative Law Judge ("ALJ") on Plaintiff's claim for benefits. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge.  *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers,* 486 F.3d at 241 (internal quotation

marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.    ANALYSIS

### A.    Objection No. 1

As the first of his two objections to the R & R, Plaintiff broadly asserts that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony" in the administrative record, which in turn has resulted in the Magistrate Judge erroneously concluding that the ALJ's decision is supported by substantial evidence. (Dkt. 16, Plaintiff's Objections at 3.) In support of this challenge, Plaintiff recounts a variety of evidence in the record — primarily his own testimony at the administrative hearing, as

well as his subjective complaints to health care professionals and his mother's statements in a third-party function report — that purportedly demonstrates that "it is impossible for Plaintiff to perform work." (*Id.* at 3-6.)[1]

As correctly observed by Defendant, however, Plaintiff's objection on this point is a mere reiteration, nearly word for word, of an argument advanced in his underlying summary judgment motion. (*See* Dkt. 17, Defendant's Response at 2.) The Magistrate Judge thoroughly addressed this contention and its supporting evidence in the R & R, (*see* R & R at 7-10), and Plaintiff has not identified any purported deficiencies in the Magistrate Judge's analysis, beyond his conclusory assertion that the Magistrate Judge somehow "misconstrued" the record in some unspecified way. Plaintiff's attempted "rebrand[ing]" of a summary judgment argument as an objection to the R & R, without "any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Wallace v. Commissioner of Social Security,* No. 15-11839, 2016 WL 4409062, at *2 (E.D. Mich. Aug. 19, 2016) (internal quotation marks and citation omitted). Accordingly, this objection is overruled.

### B.     Objection No. 2

---

[1]Plaintiff's counsel is cautioned not to misrepresent this record. Counsel states, for instance, that Plaintiff "experiences numbness and tingling in his hands and cannot hold on to objects." (*Id.* at 4.) In support of this claim, however, counsel points to a January 19, 2016 progress report in which Plaintiff advised his physician that "currently he is not having any significant numbness or weakness in his hands." (Admin. Record at 531.)

Plaintiff fares no better in his second objection to the R & R.  He challenges the

Magistrate Judge's determination that the ALJ adequately considered his mother's third-

party function report, but once again does so by repeating, essentially verbatim, the

very same argument advanced in his underlying summary judgment motion.  (*Compare*

Plaintiff's Objections at 6-8 *with* Dkt. 11, Plaintiff's Motion for Summary Judgment, Br. in

Support at 13-15.)  As already observed, a party may not simply recast an argument in

his summary judgment motion as an objection to the Magistrate Judge's R & R, absent

some basis for concluding that the Magistrate Judge either failed to address this

argument or erred in analyzing it.  In this case, the Magistrate Judge thoroughly

addressed Plaintiff's challenge to the ALJ's treatment of his mother's third-party function

report, (*see* R & R at 14-15), and the Court is fully persuaded by the Magistrate Judge's

recommended resolution of this issue.

To be sure, Plaintiff adds to his earlier summary judgment motion in one respect,

contending that the Magistrate Judge erred in finding that Plaintiff's and his mother's

claims of random seizures and attendant severe symptoms and limitations were based

on Plaintiff's own subjective complaints and testimony rather than objective medical

evidence.  In challenging this determination, Plaintiff points to an October 28, 2014

treatment note from Dr. Mohammed Al Qasmi that, in his view, reflects a "medical

conclusion[] from a professional" that he suffers from "epilepsy disorder with memory

loss."  (Plaintiff's Objections at 7 (citing Admin. Record at 400).)  As Defendant

observes in response, however, it appears that the relevant portions of Dr. Qasmi's

treatment note are, in fact, based on Plaintiff's subjective reports, where this note states

(i) that Plaintiff had "developed epilepsy disorder . . . according to him," (ii) that Plaintiff's

past medical history was "significant for a history of questionable seizures," and (iii) that

the doctor's impression was "[p]er history, epilepsy disorder with memory loss." (Admin.

Record at 400-01.) Moreover, the Magistrate Judge pointed out that during this same

visit to Dr. Qasmi, "the doctor recommended an EEG, which was unremarkable," and

that Plaintiff himself reported in January of 2016 that he had experienced "no recent

seizure activity." (R & R at 9 (citing Admin. Record at 111, 400-01, 416, 521).) Finally,

even assuming that Dr. Qasmi's treatment note is construed as a medical diagnosis of

epilepsy disorder with memory loss, Defendant notes that "the ALJ found that Plaintiff

had the severe impairment of traumatic brain injury with subdural hematoma and

epilepsy, and limited Plaintiff to, among other restrictions, simple instructions."

(Defendant's Response at 3.) Plaintiff fails to explain how Dr. Qasmi's diagnosis is

inconsistent with these findings and limitations. Accordingly, this objection lacks merit.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving

particular attention to those portions of the record relevant to Plaintiff's objections. 28

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the

Court **ADOPTS** the Magistrate Judge's October 9, 2018 report and recommendation

(Dkt. 15) in its entirety, and **OVERRULES** Plaintiff's October 16, 2018 objections to the

report and recommendation (Dkt. 16). Accordingly, Plaintiff's motion for summary

judgment (Dkt. 11) is **DENIED**, Defendant's motion for summary judgment (Dkt. 14) is

**GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED**

pursuant to sentence four of 42 U.S.C. § 405(g).


        **IT IS SO ORDERED.**


Date:   March 25, 2019                 s/Marianne O. Battani
                                         MARIANNE O. BATTANI
                                         United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 25, 2019.


                                    s/ Kay Doaks
                                      Case Manager